UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CLINT WILLIAMS, | Case No. 3:23-cv-00842-MC |
|     Plaintiff, | ORDER |
|     v. | |
| JEFF MYERS; DRAKE DURHAM; THOMAS HAHN; JASON CHRISTENSEN; | |
|     Defendants. | |

_____

MCSHANE, District Judge.

    Plaintiff, an adult in custody at the Multnomah County Inverness Jail, files this action pursuant to 42 U.S.C. § 1983 and seeks compensatory and injunctive relief for the alleged violations of his constitutional rights during a police investigation and subsequent criminal proceeding. Plaintiff's Complaint is deficient in several respects and he is allowed the opportunity to amend his allegations.

- 1 -    ORDER

This Court must dismiss an action initiated by an inmate seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff's claims in this action arise from a state criminal prosecution in Case No. 17CR37474 that resulted in plaintiff's convictions on eight counts. According to the allegations in plaintiff's Complaint, his convictions in Case No. 17CR37474 were reversed on direct appeal and remanded to the trial court. The State apparently has indicated an intent to retry plaintiff in that case and has also reinstated charges against plaintiff in Case No. 17CR43112.

In Claim I, plaintiff alleges that Detectives Myers and Christensen arrested him in February 2017 to obtain a DNA sample and "purposely" violated plaintiff's constitutional rights. Plaintiff does not allege how the officers violated his rights or describe the alleged conduct with specificity, and this claim does not sufficiently state a constitutional violation.

In Claim II, plaintiff alleges that Detectives Hahn, Myers, and Christensen conspired with prosecutors and his attorney, Durham, to convict plaintiff. Plaintiff further alleges that Durham

provided ineffective assistance by failing to challenge the State's witnesses during trial. Defense attorneys and public defenders are considered private actors, and functions performed by a defense attorney in connection with a legal proceeding do not constitute action under color of law for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Simmons v. Sacramento Cty. Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Further, plaintiff does not allege specific facts to support claims of conspiracy against any of the named defendants.

In Claim III, plaintiff alleges that Detectives Christensen, Myers, and Hahn violated his Fifth Amendment rights in February 2017 by ignoring the invocation of his rights to remain silent and to an attorney. This claim arguably alleges a violation of plaintiff's Fifth Amendment rights and is arguably not barred by the *Heck* doctrine, given the invalidation of plaintiff's convictions. *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). However, the relief plaintiff seeks is unclear and potentially barred.

Plaintiff generally seeks injunctive relief and compensatory and punitive damages. Specifically, plaintiff requests an order requiring defendants and the "Municipality" to "cease" their unconstitutional actions towards plaintiff. Presumably, plaintiff refers to the pending criminal charges against him in Case Nos. 17CR37474 and 17CR43112. However, this Court cannot and will not interfere in pending state criminal proceedings absent extraordinary circumstances, which are not apparent from plaintiff's allegations. *See Younger v. Harris,* 401 U.S. 37 (1971); *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (en banc) (*Younger* abstention applies to damages claims as well as requests for injunctive relief).

Further, it is unclear whether plaintiff can show entitlement to damages for the alleged constitutional violations. Presumably, plaintiff seeks damages for his allegedly unlawful confinement arising from his convictions in Case No. 17CR37474. If plaintiff is convicted after

remand in that case, he cannot obtain "incarceration-related" damages if the entirety of his incarceration is supported by the subsequent conviction. *See Taylor v. Cty. of Pima*, 913 F.3d 930, 935 (9th Cir. 2019). In other words, if a future conviction results in a sentence that includes "the entire period of his incarceration," plaintiff cannot legally establish damages arising from defendants' allegedly unlawful conduct. Ultimately, whether plaintiff can obtain damages for defendants' alleged conduct cannot be determined until final resolution in Case No. 17CR37474.

Plaintiff is afforded the opportunity to amend his allegations against defendants Myers, Hahn, and Christensen and clarify the relief he seeks. Plaintiff must file an Amended Complaint and indicate: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. Plaintiff shall also clarify the specific relief he seeks.

## CONCLUSION

Plaintiff's Complaint fails to state a viable claim under § 1983 in Claims I and II and those claims are DISMISSED. Within thirty days from the date of this Order, plaintiff may submit an Amended Complaint curing the deficiencies in Claim I as noted above and clarifying the nature of the relief he seeks. Plaintiff is advised that the failure to do so will result in the dismissal of this proceeding, without prejudice.

IT IS SO ORDERED.

DATED this 5th day of July, 2023.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge